UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SUNDAY ODILUMOKU UMUDE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-1587 (RC) |
| | : | | |
| v. | : | Re Document No.: | 3 |
| | : | | |
| AMERICAN SECURITY PROGRAMS, INC., | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM & ORDER**

This matter is before the Court on Defendant's motion to dismiss. *See* ECF No. 3. For the reasons set forth below, that motion is interpreted as a motion for a more definite statement, it is granted, and Plaintiff Sunday Odilumoku Umude is granted leave to submit an amended complaint that contains sufficient information to meet the standards of Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8.

Mr. Umude appears in this matter without counsel. His entire complaint consists of the following allegations:

> Wrongful termination of appointment as Armed Security Officer.
> Upheld District of Columbia Office of Administrative Hearings.

Ex. 1, ECF. No. 1-1.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. C.I.A.*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Mr. Umude's complaint appears to be brought against his former employer challenging the termination of his employment as an armed security officer. Even this interpretation requires excessive inferences to be drawn from the skeletal allegations in the complaint. Nothing more can be deciphered from the allegations.

Rather than dismissing the complaint or forcing Defendant to expend its resources responding to the complaint in its current form, the Court *sua sponte* treats Defendant's motion to dismiss as one for a more definite statement. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (noting district court's " inherent authority to require the appellant to file a more definite statement," either under Rule 12(e) or "within the district court's authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition"); *Commc'ns Assocs., Inc. v. Novatel Commc'ns, Inc.*, No. 84 C 6076, 1985 WL 2542, at *7 n.2 (N.D. Ill. Sept. 16, 1985) ("Where the court deems it appropriate, it may treat a motion to dismiss as a motion for a more definite statement and grant such a motion *sua sponte*." (citations omitted)).

Accordingly, Mr. Umude shall have thirty (30) days from the date of this order to file with the Court an amended complaint that contains sufficient factual allegations to meet the standard required by Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8. At a minimum, the amended complaint must contain factual allegations that set forth the "who, what, where, when and why" of his claims.

Mr. Umude must set forth who wrongfully terminated him. In this respect, he must identify specific individuals by name. Additionally, he must explain what they did, and why he thinks these actions were unlawful. For example, if Mr. Umude thinks the termination was discriminatory, he must allege the basis for that belief (*e.g.*, "I believe it was based on my race because . . .," or "the termination violated my contract because the contract requires . . .," etc.) and why he believes his termination was for that discriminatory reason rather than for any reason provided by the employer (such as misconduct or inadequate performance). Furthermore, Mr. Umude must describe when these alleged events took place and where they took place. Finally, because many types of claims require that an internal or administrative claim be made before bringing the claim to court, Mr. Umude should explain whether he previously brought the claim internally within the company or to any administrative agency or tribunal before filing the claim in Superior Court.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 3) is DENIED WITHOUT PREJUDICE. It is

**FURTHER ORDERED** that, **not later than January 9, 2015**, Mr. Umude shall file an amended complaint containing a more definite statement of his claims that includes, at a minimum, the information set forth above.

If Mr. Umude fails to file an amended complaint by January 9, 2015, or if his complaint otherwise fails to comply with this Order, this Court will dismiss this action with prejudice.

**SO ORDERED.**

Dated:  December 10, 2014                                                            RUDOLPH CONTRERAS
                                                                                                          United States District Judge